IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR-08-227-D |
| ) | |
| ANTHONY WEBSTER, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant's Motion [Doc. No. 14] to Dismiss the Indictment pursuant to Fed. R. Crim. P. 12(b)(3). Defendant argues that the statute on which the charges are based violates the Ex Post Facto and Commerce Clauses of the United States Constitution as applied to him. The government has timely responded to the Motion.

The Indictment charges Defendant with one count of violating 18 U. S. C. § 2250, alleging that he is a convicted sex offender who was required to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 U. S. C. § 16901 *et seq.*, and that he knowingly failed to register after traveling in interstate commerce from Colorado to Oklahoma. The Indictment alleges that he failed to register in Oklahoma during the time period of July 2008 through September 2008.

SORNA was enacted on July 27, 2006 as part of the Adam Walsh Child Protection and Safety Act of 2006 and is codified as 42 U. S. C. § 16901 and 18 U. S. C. § 2250. SORNA establishes a comprehensive national system for registration of convicted sex offenders. The registration requirements for convicted offenders are specified as follows:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

42 U. S. C. § 16913(a). The statute also prescribes the requirements for initial registration after a conviction, including applicable deadlines. 42 U. S. C. § 16913(b). Additionally, it specifies the actions which must be taken by the convicted offender to keep his registration current. Those requirements, which the government contends Defendant in this case did not satisfy, are as follows:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection(a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U. S. C. § 16913(c).

Although SORNA's effective date was July 27, 2006, the law contains a provision specifically authorizing the Attorney General of the United States to determine its applicability to sex offenders convicted prior to that date. *See* 42 U. S. C. § 16913(d). On February 28, 2007 the Attorney General issued an Interim Rule stating that SORNA's registration requirements apply to sex offenders convicted prior to July 27, 2006. 28 C. F. R. § 72.3; *see also* Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8895 (Feb. 28, 2007).

In this case, Defendant states that he was convicted in 1999 of Sexual Assault - First Degree, a violation of Colorado law. According to the government, Defendant was sentenced to a 10-year term of imprisonment. He was released on January 21, 2006, and complied with Colorado state registration requirements for sex offenders. However, he did not re-register in 2007, as required by Colorado law. In 2008, Defendant was detained in Oklahoma City on a traffic violation; he told law

enforcement officers that he had moved from Colorado to Salina, Kansas in January of 2007, and then moved to Oklahoma City in October of 2007. The Indictment charges him with failing to register in compliance with SORNA[1] during the time period of July 2008 through September 2008.

Where a convicted offender fails to comply with the SORNA registration requirements, he is subject to federal prosecution under 18 U. S. C. § 2250. The statute provides in pertinent part that a convicted sex offender who "travels in interstate or foreign commerce, or enters or leaves, or resides in Indian country; and knowingly fails to register or update a registration as required" by SORNA "shall be fined under this title or imprisoned not more than 10 years, or both." 18 U. S. C. § 2250(a)(2)(B) and (a)(3). The Indictment in this case charges Defendant with a violation of § 2250(a), alleging that he traveled in interstate commerce after having been convicted of a qualifying sexual offense and that he knowingly failed to register as required by SORNA.

Defendant does not contend that he complied with the provisions of SORNA at any time. Instead, he seeks dismissal of the Indictment by arguing that application of SORNA to him is unconstitutional because it violates: 1) the Ex Post Facto Clause by punishing him for a crime that he committed prior to the effective date of SORNA; and 2) the Commerce Clause by exceeding the authority granted to Congress to regulate interstate commerce.

I.  Ex Post Facto Clause:

Defendant contends that the retroactive application of SORNA and § 2250 violates the Ex Post Facto Clause because it creates federal criminal liability for a failure to register and applies to sex offenses committed prior to its enactment. Defendant's arguments have previously been rejected

---

[1]The government notes in its response brief that Defendant also failed to register under the state law requirements of Kansas and Oklahoma and to renew his registration in Colorado. In addition, the government states he was required to register under the Jacob Wetterling Act, 42 U. S. C. § 14021. However, the Indictment charges him only with failure to register under SORNA.

by this Court in *United States v. Villagomez*, 2008 WL 918639 (W.D. Okla. April 2, 2008) and *United States v. Lawrance*, 2007 WL 5271934 (W.D.Okla. Sept. 5, 2007). For the following reasons, the Court adheres to its prior decisions in *Villagomez* and *Lawrance* that retroactive application of SORNA's registration requirement to a sex offender whose qualifying conviction occurred before the date of enactment does not violate the Ex Post Facto Clause, and that application of Section 2250 to a sex offender who fails to register after the date of enactment does not violate the Ex Post Facto Clause.

Two "critical elements" must be present for a criminal or penal law to violate the Ex Post Facto Clause: 1) the law must be retrospective, that is, it must apply to events occurring before its enactment; and 2) it must disadvantage the offender affected by it. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981). An ex post facto violation may also exist where there is an increase in the punishment for a crime previously committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).

In this case, the government argues that neither SORNA nor the specific provisions of § 2250 violate the Ex Post Facto Clause because SORNA is a non-punitive, regulatory law and, furthermore, the offense described in § 2250 is ongoing. According to the government, SORNA is not designed to punish an individual for his sexual offense; rather, it is designed to protect the public by ensuring offenders are not allowed to avoid state registration requirements by moving to another state. Thus, the government contends, a sex offender continues to violate the statute so long as he or she remains unregistered or fails to update a prior registration.

With respect to the registration requirements of SORNA, the Court previously held in both *Villagomez* and *Lawrance* that those requirements do not violate the Ex Post Facto Clause; in each

case, the Court noted that the majority of judges[2] within this district have reached the same conclusion. *See United States v. Buxton*, Case No. CR-07-82-R, Order (W.D.Okla. Aug. 30, 2007); *United States v. Husted*, Case No. CR-07-105-T, Order (W.D. Okla. June 29, 2007); *United States v. Lang*, Case No. CR-07-80-HE, Order (W.D. Okla. June 5, 2007); *United States v. Templeton*, 2007 WL 445481 (W.D.Okla. Feb.7, 2007).

To determine if an enactment constitutes an ex post facto violation, the Court must determine whether the legislative intent in enacting the law was to establish a civil regulatory scheme and, if so, whether that scheme "is so punitive either in purpose or effect as to negate" the intention to deem it civil. *Smith v. Doe*, 538 U.S. 84, 92 (2003) (citing *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)). The Court in *Smith* found no ex post facto violation resulting from Alaska's registration law, concluding that the purpose of the law is to "establish a civil regulatory scheme" and that the Act "is nonpunitive." 538 U.S. at 105-06.

In enacting SORNA, Congress adopted a system similar to the Alaska sex offender registry program considered by the Supreme Court in *Smith.* The expressed intent of Congress in enacting SORNA was to create a comprehensive national registry system "to protect the public from sex offenders and offenders against children." 42 U. S. C. § 16901. SORNA also establishes a registration scheme; it requires convicted sex offenders to register and to maintain current registration when they travel to other states or change their employment or student status. 42 U. S. C. § 16913(a). That requirement furthers Congress's goal of establishing a national regulatory scheme to effectuate a means of providing to the public information regarding the

---

[2]One judge in this district has found an ex post facto violation where the defendant's conviction and his interstate travel occurred prior to SORNA's effective date. See United States v. Deese, 2007 WL 2778362 (W.D.Okla. Sept.21, 2007); United States v. Sallee, 2007 WL 3283739 (W.D.Okla. Aug.13, 2007).

presence of convicted sex offenders and to ensure that the various states maintain and exchange information in a uniform manner. Thus, the Court concludes that SORNA's registration requirements are civil rather than penal.

However, the Court must also examine the effects of SORNA's provisions to determine whether they negate Congress's intent to establish a civil regulatory scheme and result in a punitive impact. *Smith*, 538 U.S. at 97. As the Court in *Smith* noted:

> The factors most relevant to [that] analysis are whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose.

*Id.* The decision in *Smith* provides guidance in applying this analysis to SORNA's registration requirements because those requirements are "nearly identical compared to those involved with the Alaska statutory scheme at issue in *Smith*." *United States v. Hinen*, 487 F. Supp. 2d 747, 757 (W.D. Va. 2007); *see also United States v. Madera*, 474 F. Supp. 2d 1257, 1263 (M. D. Fla. 2007).

The majority of courts considering the issue have applied the reasoning in *Smith* and concluded that the effect of SORNA's registration requirements is nonpunitive; thus, the registration requirements do not violate the Ex Post Facto Clause. *Hinen*, 487 F. Supp. 2d at 757; *Madera*, 474 F. Supp. 2d at 1263-64; *United States v. Torres,* 2007 WL 2343884 (W. D. Ark. Aug. 15, 2007); *United States v. Gonzalez*, 2007 WL 2298004, at \*10 (N.D. Fla. Aug. 9, 2007); *United States v. Mason*, 2007 WL 1521515, at \*4-5 (M.D. Fla. May 22, 2007); *United States v. Markel*, 2007 WL 1100416 (W. D. Ark. April 11, 2007); *United States v. Payne*, No. 07-20002 (W. D. Ark. Feb. 26, 2007); *United States v. Manning*, 2007 WL 624037, at \*1 (W. D. Ark. Feb. 23, 2007). As noted herein, the majority of judges within this district are in agreement.

Consistent with its prior decisions and those of other courts addressing the question, the Court concludes that, because SORNA is a civil regulatory scheme with neither a punitive purpose nor effect, retroactive application of its registration requirements does not violate the Ex Post Facto Clause.

Defendant also contends that § 2250 violates the Ex Post Facto Clause because it subjects him to a criminal penalty for conduct occurring prior to its enactment. Unlike the Alaska registration provisions in *Smith*, SORNA imposes a criminal penalty for non-compliance through the provisions of § 2250; both a fine and imprisonment may result from a failure to comply with the registration requirements. However, that distinction is not dispositive, as "[i]nvoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive." *Smith*, 538 U.S. at 96. Rather, the Court must examine the provisions of § 2250 in making this determination.

As this Court concluded in both *Villagomez* and *Lawrance,* § 2250 does not criminalize a defendant's pre-SORNA conduct; instead, it penalizes him for his post-SORNA failure to register. *Villagomez*, 2008 WL 918639, at *3; *Lawrance,* 2007 WL 5271934, at * 5. Other judges within this district are in agreement with that analysis. *See, e.g., Buxton*, CR-07-082-R, August 30, 2007 Order at pp.9-10; *Lang*, CR-07-89-HE, June 5, 2007 Order at p. 6. Courts in other jurisdictions have reached the same conclusion. *United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008); *United States v. Zuniga*, 2008 WL 2184118, at *14 (D. Neb. May 23, 2008); *United States v. Cardenas*, 2007 WL 4245913, at *10 (S.D. Fla. Nov. 29, 2007). The offense set forth in § 2250 is potentially a continuing one, as a convicted sex offender has an ongoing duty to register and maintain a current registration; a violation of that duty continues to occur so long as the convicted offender remains

unregistered or fails to take steps to keep his registration current. Thus, the statute "is not criminalizing the defendant's interstate travel or his having been convicted of a sex offense, but rather his post-enactment failure to register in Oklahoma." *Lang,* No. CR-07-89-HE, June 5, 2007 Order at p. 6. *See also Husted*, No. CR-07-105-T, June 29, 2007 Order at p. 9.

The Court recognizes that some courts have held that § 2250 cannot properly be applied to a defendant whose travel in interstate commerce occurred prior to the Attorney General's February 28, 2007 Interim Order. *See, e.g., United States v. Muzio*, 2007 WL 2159462 (E. D. Mo. July 26, 2007); *United States v. Heriot*, 2007 WL 2199516 ( D. S. C. July 27, 2007); *United States v. Smith*, 2007 WL 1725329 (S. D. W. Va. June 13, 2007); *United States v. Sallee*, No. CR-07-152-L (W.D. Okla. Aug. 13, 2007). The Court has fully considered these decisions and the analysis applied by each and concludes that these decisions construe the statute as penalizing a defendant's conduct in traveling rather than his failure to register as required by SORNA. In any event, those decisions are inapplicable here, because Defendant's travel to Oklahoma occurred after the Attorney General's February 28, 2007 Interim Order. He is, in fact, charged with failing to register during the time period of July 2008 through September 2008, more than one year after the Interim Order and almost two years after SORNA was enacted.

The Court also recognizes that one decision cited by Defendant reached the opposite conclusion. *See United States v. Smith,* 481 F. Supp. 2d 846, 851-54 (E. D. Mich. 2007). However, the Court does not find the reasoning therein to be sufficiently persuasive to overcome the majority view. Accordingly, the Court finds that the application of § 2250 to Defendant in this case does not violate the Ex Post Facto Clause.

II. Commerce Clause:

Defendant next argues that SORNA and the provisions of § 2250 violate the Commerce Clause in that Congress impermissibly exceeded its authority to regulate interstate commerce by seeking to apply the law to a defendant's purely intrastate conduct. This Court has previously rejected the Commerce Clause arguments Defendant makes here. *See Lawrance*, 2007 WL 5271934, at * 8. For the reasons set forth herein, Defendant's arguments in this case do not persuade the Court that it should alter its conclusion in *Lawrance*.

Under the Commerce Clause, Congress is authorized to regulate: 1) the "use of the channels of interstate commerce;" 2) the "instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from instrastate activities;" and 3) "those activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). Relying on *Lopez*, Defendant argues that his conduct did not substantially affect interstate commerce.

In *Lopez*, the Court held that the Gun-Free School Zone Act, which criminalized possession of a firearm in a school zone, exceeded the scope of Congressional authority under the Commerce Clause because the criminalized conduct did not "substantially affect" interstate commerce. However, as the *Hinen* court later noted, the "substantially affects" analysis of *Lopez* does not apply where a statute contains a "jurisdictional element directly tied to the federal power to regulate persons who travel across state lines." *Hinen*, 487 F. Supp. 2d at 757.

Congress does not exceed its authority under the Commerce Clause where the scope of the statute it has enacted is "limited by an express jurisdictional element." *United States v. Jeronimo-Bautista*, 425 F. 3d 1266, 1269 (10th Cir. 2005) (citing *United States v. Morrison*, 529 U.S. 598, 610-613 (2000)).          The purpose of requiring that the statute contain an express jurisdictional

9

element is to ensure that the statute's "reach is limited to...activities that 'have an explicit connection with or effect on interstate commerce.'" *United States v. Patton*, 451 F.3d 615, 632 (10th Cir. 2006) (quoting *Jeronimo-Bautista,* 425 F.3d at 1269 and *Morrison*, 529 U.S. at 612). A mere statement in the statute that interstate commerce is impacted may not be sufficient in each case. *Patton*, 451 F.3d at 632. Where, however, the statute contains language requiring proof of interstate activity as an element of the crime, the requisite jurisdictional element is present. *See*, *e.g., United States v. Monts*, 311 F. 3d 993, 997 (10th Cir. 2002) (rejecting Commerce Clause challenge to Child Support Recovery Act, finding that the Act establishes a jurisdictional element because it requires the government to prove, as an essential element of the crime, that Defendant resides in a different state than the child for whom support is owed).

Applying the foregoing rules to § 2250, the *Hinen* Court noted that § 2250 contains a jurisdictional element because it applies only to a person who "travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country." 487 F. Supp. 2d at 758 (quoting 18 U. S. C. § 2250(a)(2)(B)). Thus, the government is required to prove travel in interstate commerce as an element of the offense; therefore, the statute contains the requisite jurisdictional element to constitute an appropriate application of Commerce Clause authority, and the "substantially affects" test is inapplicable; instead, only a minimal effect on interstate commerce must be shown. *Id.* (citing *United States v. Williams*, 342 F.3d 350, 354-55 (4th Cir. 2003) and *United States v. Jamison,* 299 F.3d 114, 118 (2d Cir. 2002) ( jurisdictional predicate in the Hobbs Act requires only a showing of minimal effect on interstate commerce)).

According to *Hinen*, "[b]ecause Congress has established a jurisdictional predicate of interstate or foreign travel, the government need only establish a de minimis effect on interstate

commerce;" thus, the Court concluded that § 2250 has "at least a de minimis effect on interstate travel, because it involves the travel of certain persons across state lines." *Id.* The Court concluded that the law is a proper exercise of authority under the Commerce Clause and rejected the defendant's challenge. 487 F. Supp. 2d at 758.

As previously discussed in *Lawrance*, this Court concludes that SORNA and § 2250 represent proper exercises of Congressional authority under the Commerce Clause. Furthermore, most of the other courts considering the arguments asserted by Defendant have rejected the Commerce Clause challenges to SORNA and § 2250.[3] *See, e.g. United States v. Pena,* __ F. Supp. 2d __, 2008 WL 4642167, at *3 (W. D. Tex. Oct. 20, 2008); *May,* 535 F.3d at 922; *Madera*, 474 F. Supp. 2d at 1265; *Zuniga,* 2008 WL 2184118, at *17 (noting that "...district courts throughout the nation have uniformly rejected the defendant's Commerce Clause arguments."); *Templeton*, 2007 WL 445481, at *3-4; *Buxton*, No. CR-07-082-R, August 30, 2007 Order at p. 11; *Husted*, No. CR-07105-T, June 29, 2007 Order at p. 5; *Lang*, No. CR-07-80, June 5, 2007 Order at p. 7. The Court finds no Commerce Clause violation in the instant case.

III. Conclusion:

Having fully considered the parties' respective arguments and the authority both within this district and other jurisdictions, the Court concludes that Defendant's Motion to Dismiss the

---

[3]The Court is aware of two decisions in which SORNA Commerce Clause challenges were found valid. See United States v.Waybright, 561 F. Supp. 2d 1154, 1156-57 (D. Mont. 2008) and United States v. Powers, 544 F. Supp. 2d 1331, 1333-36 ( M.D. Fla. 2008). The Court does not agree with those decisions, which appear to represent a minority view.

11

Indictment [Doc. No. 11] should be, and is, DENIED.

IT IS SO ORDERED this 24th day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE